IN THE UNTED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. _____

CARLOS ROSA,

    Plaintiff,

vs.

JO-ANN STORES, LLC

    Defendant.

_____/

**DEFENDANT JO-ANN STORES, LLC'S NOTICE OF REMOVAL**

Defendant, Jo-Ann Stores, LLC ("Jo-Ann"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal of this civil action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, in which it is now pending, to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Jo-Ann states the following:

    1.    This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have been filed originally in this Court pursuant to 28 U.S.C. § 1332, as set forth more fully below.

    2.    This is a "slip and fall" premises liability action wherein it is alleged that, on May 4, 2018, Plaintiff Carlos Rosa ("Plaintiff") was injured while at a Jo-Ann store located at 4801 West Irlo Bronson Memorial Highway, Kissimmee, Osceola County, Florida. See Complaint, attached hereto as **Exhibit "A,"** at ¶¶ 4–5, 8.

3. This action was commenced in the Ninth Judicial Circuit in and for Osceola County, Florida, on or about May 6, 2020, bearing Case No. 2020 CA 001255 ON. Removal to the Middle District of Florida, Orlando Division is proper because it is the district court embracing the place where the state court action is pending.

4. Jo-Ann was served with Plaintiff's Complaint on May 12, 2020. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Jo-Ann is filing this Notice of Removal within thirty (30) days after service of Plaintiff's Complaint.

5. This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1446, Jo-Ann attaches hereto as **Composite Exhibit "B"** copies of all process, pleadings, orders and other papers or exhibits of every kind, on file in the state court proceeding.

7. Concurrent with the filing of this Notice of Removal, Jo-Ann has filed a true and correct copy of this Notice of Removal with the Clerk of the Ninth Judicial Circuit in and for Osceola County, Florida. Jo-Ann has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

**DIVERSITY OF CITIZENSHIP**

8. At all times material hereto, Plaintiff was and is a citizen and resident of the State of Florida. See Complaint [Exhibit A], at ¶ 2.

9. At all times material hereto, Jo-Ann was and is an Ohio limited liability company whose sole member is a Delaware limited liability company. The sole member of

the Delaware limited liability company is a Delaware corporation with its principal place of business in Delaware.

10.     Thus, there is complete diversity of citizenship between Plaintiff, a citizen of Florida, and Jo-Ann, a citizen of Delaware.

## AMOUNT IN CONTROVERSY

11.     Plaintiff's suit against Jo-Ann is for premises liability arising from a slip and fall accident at Jo-Ann's retail store.  See Complaint [Exhibit A], at ¶¶ 4, 8.

12.     While Jo-Ann denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount exceeds the jurisdictional minimum of $75,000.00.

13.     Plaintiff alleges in the Complaint that, as a result of Jo-Ann's alleged negligence, Plaintiff "suffered bodily injury in and about his body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition."  See Complaint [Exhibit A], at ¶ 9.  Plaintiff further alleges that the foregoing losses are either permanent or continuing and that Plaintiff will suffer the losses in the future.  Id.

14.     In addition to these allegations, on February 19, 2020, Plaintiff's counsel sent Jo-Ann's third-party claims adjuster, ESIS, a letter demanding $1,000,000.00 to settle the claim.  A redacted copy of the February 19, 2020 demand letter from Plaintiff's counsel is attached hereto as **Exhibit "C."**

15.     It is well-established that this Court may consider a demand letter and its contents in determining whether the requisite jurisdictional amount in controversy has been satisfied.  See e.g. Stephenson v. Amica Mut. Ins. Co., 6:14-CV-978-ORL-37, 2014 WL 4162781, at *1, *3 (M.D. Fla. Aug. 21, 2014) (denying motion to remand and finding amount in controversy satisfied where pre-suit demand letter from plaintiff offered to settle the matter for $100,000.00); La Rocca v. Stahlheber, 676 F. Supp. 2d 1347 (S.D. Fla. 2009) (pre-suit demand stated sufficient damages for defendant to meet its burden of establishing the requisite amount in controversy); Katz v. J.C. Penney Corp. Inc., 2009 WL 1532129, at *4–*5 (S.D. Fla. June 1, 2009) (holding that defendant properly established the amount in controversy based on information received from plaintiffs in a pre-suit demand).  Here, Plaintiff's counsel has made a pre-suit demand of $1,000,000.00.  See Exhibit C.

16.     It is clear from the allegations contained in Plaintiff's Complaint, together with the $1,000,000.00 pre-suit demand made by Plaintiff's counsel, that the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.  Accordingly, the amount in controversy meets the jurisdictional requirement and removal is appropriate.

## CONCLUSION

17.     Based on the foregoing, Jo-Ann has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and that this action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, Defendant, Jo-Ann Stores, LLC, removes this action, currently pending in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida.

Respectfully submitted,

*/s/ Robert W. Boos*
Robert W. Boos, Esq.,
Florida Bar No. 558079
Trial Counsel

Chelsea C. Harrison, Esq.
Florida Bar No. 98536

ADAMS AND REESE LLP
101 E. Kennedy Boulevard, Suite 4000
Tampa, FL 33602
813-402-2880 (Telephone)
813-402-2887 (Facsimile)
bob.boos@arlaw.com
chelsea.harrison@arlaw.com
*Attorneys for Defendant Jo-Ann Stores, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the May 29, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed a copy of the foregoing document and the notice of electronic filing by first-class mail and email to: Brandon M. Smith, Esq., Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, FL, 32802-4979, brandonmsmith@forthepeople.com and lfeliciano@forthepeople.com.

*/s/ Robert W. Boos*
Robert W. Boos, Esq.